UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

JAMES R. WATSON, JR.,

Plaintiff,

v. C/A No. ____________________

UNITED STATES OF AMERICA,

Defendant.

**COMPLAINT REGARDING ALLEGED NEGLIGENT AND WRONGFUL ADMINISTRATIVE ACTS AND OMISSIONS, REQUEST FOR JUDICIAL DETERMINATION OF PROCEDURAL STATUS, AND PRESERVATION OF FEDERAL TORT CLAIM**

Plaintiff James R. Watson, Jr., proceeding pro se, respectfully files this Complaint concerning alleged negligent or wrongful administrative acts and omissions associated with the handling, processing, tracking, and communication of materials submitted in connection with Plaintiff's efforts to obtain review before the Supreme Court of the United States, together with related administrative handling involving components of the federal government.

Plaintiff states as follows:

**I. PARTIES**

1. Plaintiff James R. Watson, Jr. is a resident of Florence County, South Carolina, and proceeds in this action without counsel.
2. Defendant United States of America is named because Plaintiff's monetary tort allegations concern alleged acts or omissions of federal personnel undertaken within the scope of their federal employment.
3. The principal conduct presently at issue concerns alleged administrative acts or omissions associated with the Office of the Clerk of the Supreme Court of the United States and other federal personnel involved in processing or responding to Plaintiff's submissions and inquiries.
4. Plaintiff also identifies the United States Department of Justice insofar as DOJ has or obtains responsibility for handling, responding to, defending, investigating, or otherwise addressing administrative claims or litigation involving the United States.
5. Plaintiff does not allege merely by naming DOJ in this factual context that DOJ personnel caused acts or omissions committed by Supreme Court Clerk's Office personnel.
6. Any allegation concerning DOJ is limited to conduct independently attributable to DOJ and established through the record, administrative proceedings, disclosures, or discovery.

## II. JURISDICTION AND PROCEDURAL POSTURE

1. This action concerns federal governmental conduct and Plaintiff's asserted rights arising in connection with alleged negligent or wrongful acts or omissions of federal personnel.
2. Plaintiff identifies 28 U.S.C. §§ 1346(b), 2671–2680 as governing any claim for monetary relief that ultimately proceeds under the Federal Tort Claims Act ("FTCA").
3. Section 2671 expressly includes the judicial branch within the statutory definition of a federal agency.
4. Plaintiff recognizes that an FTCA monetary action is subject to the administrative-presentment requirements of 28 U.S.C. § 2675(a).
5. Plaintiff expressly advises this Court that he is **not representing that the newly presented $500,000 administrative tort claim described below has already completed the six-month administrative period or received a final written denial.**
6. Plaintiff instead discloses the present procedural posture and requests that the Court determine whether any portion of this action presently may proceed, whether any claim must await completion of administrative proceedings, and what other procedural treatment is required by law.
7. Plaintiff expressly preserves his monetary FTCA claim should the Court determine that it cannot presently proceed.

## III. VENUE

1. Plaintiff resides in Florence County, South Carolina.
2. Plaintiff therefore submits that venue in the District of South Carolina is appropriate to the extent authorized by 28 U.S.C. § 1402 and other applicable federal law.

## IV. NATURE OF THE ACTION

1. This case does not ask this District Court to review, reverse, alter, or reconsider the merits of a judicial decision of the Supreme Court of the United States.
2. Plaintiff does not contend that an unfavorable judicial decision itself constitutes negligence.
3. Rather, this dispute concerns alleged administrative processing and communication associated with materials Plaintiff attempted to submit in seeking Supreme Court review.
4. Plaintiff alleges that he repeatedly transmitted materials through physical mail, obtained evidence of delivery, responded to correspondence concerning his submissions, attempted to cure identified filing issues, repeatedly telephoned the Clerk's Office, and repeatedly left requested voicemail messages.
5. Despite those efforts, Plaintiff alleges that he remained without a Supreme Court docket number and without sufficiently reliable information establishing the processing status and disposition of his submissions.

## V. BACKGROUND

1. Plaintiff sought review in the Supreme Court following proceedings in the United States Court of Appeals for the Fourth Circuit.
2. Plaintiff proceeds pro se.

3. Plaintiff was therefore required to substantially depend upon paper submissions and physical correspondence in pursuing Supreme Court review.
4. Plaintiff's dependence upon reliable processing and communication was increased by separate difficulties concerning PACER access and electronic access to federal court information.
5. Plaintiff has pursued separate proceedings concerning those access issues.
6. Plaintiff's Fourth Circuit proceedings have included electronic docket notices that allowed Plaintiff to monitor docket activity and court orders.
7. Plaintiff alleges that the absence of an identifiable Supreme Court docket number prevented him from obtaining comparable case-specific information concerning his attempted Supreme Court proceeding.

## VI. MAILING AND DELIVERY HISTORY

1. Plaintiff made repeated mailings to the Clerk of the Supreme Court concerning his efforts to obtain Supreme Court review.
2. Plaintiff's available records include a July 8, 2026 mailing bearing USPS Tracking No. **9407111899561329403862**.
3. Plaintiff's records identify that mailing as delivered.
4. Plaintiff's available records further include a July 27, 2026 mailing bearing USPS Tracking No. **9407111899561327619685**.
5. Plaintiff's records identify that mailing as delivered.
6. Plaintiff's available records further include an August 16, 2026 mailing bearing USPS Tracking No. **9407111899561326085689**.
7. Plaintiff's records identify that mailing as delivered.
8. Plaintiff possesses or has possessed additional records concerning efforts to submit, replace, correct, supplement, and follow up regarding his Supreme Court materials.
9. Plaintiff alleges that despite repeated deliveries, he continued without a Supreme Court docket number sufficient to independently identify and monitor the proceeding.

## VII. SEPARATE USPS HANDLING PROBLEMS

1. During Plaintiff's efforts to pursue federal judicial proceedings, Plaintiff also experienced alleged problems involving the handling of legal mail.
2. Those postal allegations are the subject of separate proceedings and are not asserted here as proof that Supreme Court personnel caused USPS conduct.
3. Plaintiff specifically distinguishes alleged conduct occurring while mail was in USPS custody from alleged administrative conduct occurring after materials reached their federal judicial destination.
4. The postal incidents nevertheless increased Plaintiff's need to confirm whether replacement or corrective submissions had reached their destination and had thereafter been processed.
5. Plaintiff alleges that the combination of physical-mail problems, limitations on electronic access, and the absence of a Supreme Court docket number materially increased his dependence upon direct communication with court personnel.

## VIII. CORRECTIVE OR REPLACEMENT SUBMISSION

1. Plaintiff received correspondence concerning an issue with his Supreme Court submission.
2. Plaintiff thereafter attempted to supply requested corrective, replacement, or additional materials.
3. Plaintiff's records reflect that additional materials were delivered on or about **August 25, 2026**.
4. Plaintiff alleges that notwithstanding that delivery, he remained unable to determine conclusively whether the submission had been accepted, remained deficient, awaited processing, had been rejected, or required additional action.
5. Plaintiff therefore continued attempting to communicate with the Clerk's Office.

## IX. SEPTEMBER 2, 2026 COMMUNICATION

1. On September 2, 2026, Plaintiff contacted the Supreme Court Clerk's Office seeking information concerning his submissions and missing docket number.
2. Plaintiff explained that he had been attempting for an extended period to obtain meaningful status information.
3. During that communication, a Clerk's Office representative searched information associated with Plaintiff and located correspondence associated with his matter.
4. Plaintiff informed the representative that he had responded to the correspondence and that his replacement or corrective package had been delivered on August 25, 2026.
5. The representative stated in substance that the matter probably had not yet been resolved or processed.
6. The representative identified another Clerk's Office employee familiar with the matter and transferred Plaintiff to that employee's telephone line.
7. Plaintiff reached voicemail.
8. Plaintiff left a message explaining that his package had been delivered and requesting information concerning the status of his paperwork and his docket or case number.
9. Plaintiff provided contact information through which he could receive a response.

## X. REPEATED TELEPHONE AND VOICEMAIL ATTEMPTS

1. The September 2 communication was not Plaintiff's only effort to obtain information.
2. Plaintiff repeatedly telephoned the Clerk's Office.
3. During numerous calls, Plaintiff encountered automated or prerecorded telephone prompts directing or permitting him to leave voicemail messages.
4. Plaintiff followed those instructions.
5. Plaintiff alleges that he repeatedly left messages identifying himself, explaining his inquiry, requesting information concerning his submissions, requesting his docket number, and requesting return communication.
6. Plaintiff alleges that these repeated voicemail messages did not result in return telephone calls resolving his concerns.
7. The substantive September 2 communication occurred after Plaintiff reached a different telephone option or person rather than through a returned voicemail message.
8. Several weeks later, Plaintiff again attempted to obtain information.
9. Plaintiff alleges that subsequent calls again resulted primarily in prerecorded information, voicemail routing, or other communication paths that failed to provide meaningful case-specific status information.

## XI. EFFECT OF ABSENCE OF DOCKET NUMBER

1. Plaintiff alleges that the absence of an identifiable Supreme Court docket number prevented him from independently monitoring his attempted proceeding through a case-specific Supreme Court docket.
2. Plaintiff therefore became substantially dependent upon physical correspondence, certified-mail records, telephone calls, voicemail messages, and direct communication with Clerk's Office personnel.
3. Plaintiff alleges that these circumstances made it materially more difficult to determine whether corrective action was required and whether his submission remained capable of being processed.

## XII. RELATED ACCESS-TO-COURT PROCEEDINGS

1. During the same general period, Plaintiff experienced separate limitations involving PACER and access to federal court information.
2. Plaintiff has pursued separate proceedings concerning those matters.
3. Plaintiff also has pursued separate proceedings concerning alleged legal-mail handling problems.
4. Plaintiff identifies those matters here solely to disclose potentially related proceedings and to explain the context in which Plaintiff became particularly dependent upon reliable physical-mail processing and direct court communications.
5. Plaintiff does not seek duplicate monetary recovery for injuries compensated in another proceeding.
6. Plaintiff does not ask this Court in this action to decide unrelated allegations already before another court.

## XIII. CUMULATIVE ADMINISTRATIVE PROBLEM

1. Plaintiff alleges that the cumulative circumstances required him repeatedly to prepare documents, transmit paper submissions, incur mailing expenses, verify delivery, attempt to determine whether delivered materials were processed, telephone the Clerk's Office, navigate prerecorded systems, leave voicemail messages, and continue attempting to determine the status of his proceeding without an identifiable docket number.
2. Plaintiff alleges that the problem was therefore not merely one unanswered telephone call or one processing delay.
3. Plaintiff alleges a continuing pattern of unresolved administrative communication concerning repeatedly submitted materials.
4. Plaintiff seeks investigation and adjudication based upon documented facts rather than speculation concerning the motives of individual federal employees.

## XIV. ADMINISTRATIVE TORT PRESENTMENT

1. On October 6, 2026, Plaintiff prepared an administrative tort claim concerning the conduct described herein.

2. Plaintiff's administrative claim demands the sum certain of **$500,000.00**.
3. The administrative submission includes or is intended to include Standard Form 95, a detailed factual narrative, preservation request, and supporting documentation.
4. Plaintiff has elected to disclose that administrative presentment to this Court at the commencement of this action.
5. Plaintiff does **not** allege that six months have elapsed since the October 6, 2026 administrative presentment.
6. Plaintiff does **not** allege that a final written denial of that newly presented claim has been issued.
7. Plaintiff does not ask this Court to deem the FTCA administrative requirement satisfied merely because the claim has been mailed.
8. Plaintiff instead asks the Court to determine the legally appropriate procedural treatment of the claims presented in this Complaint.

## XV. DOJ-RELATED ALLEGATIONS

1. Plaintiff identifies the United States Department of Justice separately from the Supreme Court Clerk's Office.
2. Plaintiff recognizes that the Department of Justice and the federal judiciary perform different governmental functions.
3. Plaintiff does not allege that DOJ automatically bears responsibility for an administrative act or omission of Supreme Court Clerk's Office personnel.
4. Plaintiff alleges that DOJ-related liability, if any, must arise from conduct independently attributable to DOJ personnel.
5. Plaintiff has previously communicated with or encountered DOJ in connection with federal claims and litigation.
6. To the extent records establish that DOJ received an administrative submission, request, claim, or communication requiring administrative handling and failed to exercise legally required or reasonable care in performing an applicable nondiscretionary administrative function, Plaintiff seeks to preserve the ability to address that conduct.
7. Plaintiff does not intend paragraph 91 to allege a specific undocumented act.
8. Plaintiff requests that any DOJ-related allegation ultimately adjudicated in this action be limited to conduct established through documents, administrative records, admissions, or other competent evidence.

## XVI. COUNT ONE

## NEGLIGENCE / WRONGFUL ACT OR OMISSION — FEDERAL JUDICIARY PERSONNEL

## FTCA CLAIM EXPRESSLY SUBJECT TO § 2675(a)

1. Plaintiff incorporates paragraphs 1 through 93.
2. Plaintiff alleges that federal judiciary personnel acting within the scope of their official duties were responsible for administrative handling, processing, tracking, routing, or communication concerning Plaintiff's submissions.
3. Plaintiff alleges that reasonable care was required in performing applicable administrative

functions once materials were received and processed.

4. Plaintiff alleges negligent or wrongful acts or omissions involving, subject to proof:

a. processing and tracking delivered submissions;

b. handling corrective or replacement materials;

c. communicating the administrative status of delivered materials;

d. responding to repeated requests concerning unresolved submissions;

e. following up after Plaintiff was directed to leave voicemail messages;

f. identifying delayed or unresolved submissions;

g. providing available information concerning whether additional corrective action was required; and

h. exercising reasonable care in administrative communications concerning Plaintiff's submissions.

1. Plaintiff alleges that the cumulative acts or omissions caused additional expenses, loss of productive time, repeated mailing and document-production costs, and impairment of Plaintiff's ability to reliably determine the procedural status of his attempted Supreme Court proceeding.
2. Plaintiff seeks monetary relief under this Count only to the extent permitted after satisfaction of applicable FTCA requirements.
3. Plaintiff expressly acknowledges that the October 6, 2026 administrative claim is presently pending or in the process of presentment.

## XVII. COUNT TWO

## DOJ-RELATED ADMINISTRATIVE NEGLIGENCE — TO THE EXTENT ESTABLISHED

1. Plaintiff incorporates paragraphs 1 through 100.
2. This Count is limited to separate conduct attributable to Department of Justice personnel and does not seek to impose liability upon DOJ merely because DOJ represents the United States in federal litigation.
3. Plaintiff alleges that, to the extent competent evidence establishes DOJ's receipt and negligent administrative handling of Plaintiff's properly directed claims, correspondence, or requests, such conduct should be evaluated separately from the alleged Clerk's Office conduct.
4. Plaintiff seeks discovery and production of relevant governmental records where permitted by law to determine whether actionable DOJ conduct exists.
5. Plaintiff expressly does not seek judgment on an unsupported allegation and requests adjudication only upon evidence properly before the Court.
6. Any monetary FTCA component of this Count is likewise subject to the administrative prerequisites imposed by federal law.

## XVIII. PRESERVATION OF FTCA CLAIM AND REQUEST FOR PROCEDURAL DETERMINATION

1. Plaintiff recognizes that 28 U.S.C. § 2675(a) imposes an administrative prerequisite upon an FTCA action for money damages.
2. Plaintiff has disclosed that the October 6, 2026 administrative claim has not undergone a six-month administrative period.
3. Plaintiff therefore does not ask the Court to find exhaustion based upon facts that have not occurred.
4. Plaintiff requests that the Court determine whether any presently cognizable portion of this action may proceed independently of the unexhausted monetary FTCA claim.
5. Plaintiff further requests that the Court determine the proper procedural disposition of any claim that presently requires additional administrative exhaustion.
6. Plaintiff requests, to the extent permitted by law, that any dismissal based solely upon the timing of administrative exhaustion be **without prejudice** to a properly exhausted subsequent action.
7. Plaintiff expressly preserves his ability to institute a properly exhausted FTCA action following final administrative denial or the passage of the statutory period permitting treatment of agency inaction as a final denial.

## XIX. REQUEST FOR PRESERVATION OF EVIDENCE

1. Plaintiff requests preservation of records concerning his submissions and communications, including, where such records exist:

a. incoming-mail records;

b. mailroom logs;

c. envelope or mailing records;

d. date stamps;

e. scanned submissions;

f. correspondence records;

g. deficiency records;

h. case-initiation and docketing records;

i. internal routing information;

j. records showing when materials were assigned or reviewed;

k. records concerning materials delivered on or about August 25, 2026;

l. telephone logs;

m. voicemail records or recordings;

n. internal notes concerning Plaintiff's inquiries;

o. records reflecting communications with Plaintiff;

p. records identifying the reason no docket number was provided; and

q. records showing the ultimate disposition of Plaintiff's submissions.

1. Plaintiff seeks preservation so that potentially relevant evidence is not lost while administrative and judicial questions are resolved.

## XX. DAMAGES

1. Plaintiff's administrative demand is **$500,000.00**.
2. Plaintiff alleges damages including documented mailing expenses, copying and document-production expenses, expenses associated with corrective submissions, transportation and litigation-related expenses, loss of productive and business time, and other legally compensable losses established by evidence.
3. Plaintiff acknowledges that recovery under the FTCA is governed by applicable statutory limitations and substantive law.
4. Plaintiff does not seek duplicate recovery for the same injury in separate proceedings.

## XXI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. accept this Complaint and establish a record of the controversy presented;

B. acknowledge Plaintiff's disclosure that the October 6, 2026 administrative tort claim seeks **$500,000.00** and has not yet completed the administrative period described in 28 U.S.C. § 2675(a);

C. determine whether any claim or request for relief presently may proceed;

D. determine the proper procedural treatment of any monetary FTCA claim requiring additional administrative exhaustion;

E. to the extent permitted by law, preserve Plaintiff's ability to pursue his FTCA claim following satisfaction of the applicable administrative prerequisite;

F. order or recognize appropriate preservation of potentially relevant governmental records to the extent authorized by law;

G. following proper exhaustion and where otherwise legally authorized, award Plaintiff damages not exceeding the amount properly presented administratively, presently **$500,000.00**;

H. award allowable costs where authorized by law;

I. grant appropriate declaratory or other relief within this Court's jurisdiction, without requiring this Court to review or supervise the merits of any Supreme Court judicial determination; and

J. grant such other relief as the Court determines lawful and appropriate.

**JURY DEMAND**

Plaintiff does not demand a jury trial on an FTCA claim to the extent federal law requires trial by the Court.

**DECLARATION**

I declare under penalty of perjury that the factual allegations stated in this Complaint that are based upon my personal knowledge are true and correct to the best of my knowledge. Allegations concerning matters requiring governmental records or discovery are stated upon the information presently available to me and are expressly identified as matters requiring evidentiary support.

Executed this 6th day of October, 2026.

**James R. Watson, Jr.**
Plaintiff, Pro Se
102 Magnolia Dr.
Quinby, South Carolina 29506-7214